**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. DALE SLAUGHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-766-M |
| | ) | |
| 1. OKLAHOMA CITY UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION WITH AUTHORITY TO QUASH SUBPOENAS**

**COMES NOW THE PLAINTIFF,** and moves this Court to quash certain subpoenas issued by the Defendant as to all requests other than for past wage information.  In support of this motion, Plaintiff shows this Court as follows:

1.    Plaintiff's claim in this case is for disability discrimination.  A copy of the complaint is affixed for the Court as Ex 1.

2.    On or about March 9, 2015, Defendant issued subpoenas to two former employers of the Plaintiff, to wit:

    A.    American Fidelity Assurance

    B.    Sonic Industries Services, Inc.

    Copies of such subpoenas are collectively affixed as Ex 2.

3.    The scope of each subpoena is identical and seeks:

    Records regarding DALE SLAUGHTER, DOB: **/**/****,
    SSN: ***-**-****, including, but not limited to: employment
    applications, performance evaluations, payroll records, benefit
    documentation, attendance records, documentation of coaching,
    counseling and/or write-ups, and documents relating to her
    termination/resignation.

4.    As to such former employers, the periods of employment ended:

    A.    American Fidelity Assurance - around October 2012

    B.    Sonic Industries Services, Inc. - around September 2011

5.    The information sought extends beyond the scope of relevancy for discovery

-1-

purposes in that it does not relate to a claim or defense under Rule 26(b)(2), Fed.R.Civ.P., and is improperly invasive and harassing.

6.     Plaintiff's counsel conferred with Defendant's counsel on the 17th day of March, 2015 to attempt to resolve Plaintiff's disputes, but an agreement could not be reached and the assistance of this Court is necessary.

7.     This objection is timely made both before the return date for the subpoenas and within fourteen (14) days of the issuance of the subpoenas.

## ARGUMENT AND AUTHORITY

Initially, Plaintiff "has standing to move to quash the subpoenas served on her employers and to assert objections to the document requests contained therein." *Stewart v. Mitchell Transp*., 2002 U.S. Dist. LEXIS 12958 (D. Kan. 2002) (citing to *Beach v. City Olathe, Kansas*, 2001 U.S. Dist. LEXIS 16214, No. 99-2210- GTV, 2001 WL 1098032, at *1 (D. Kan. Sept. 17, 2001)). *Accord Richards v. Convergys Corp*., 2007 U.S. Dist. LEXIS 9131, * 5 (D. Utah Feb. 6, 2007) ("The court agrees with the reasoning of the courts that have found that a party has a personal right in his employment records sufficient to confer standing." Collecting cases).

The initial issue is whether the subpoenas seek relevant information under discovery standards. "A federal court has the authority to quash a subpoena that seeks material which is clearly irrelevant." *Cofield v. City of LaGrange, Ga.,* 913 F.Supp. 608, 614 (D.D.C.,1996). *Cf. Jackson v. Brinker*, 147 F.R.D. 189, 194 (S.D.Ind.,1993) ("a person may raise the same objections to a subpoena as he could to discovery.").

Although discovery is broad, it has its limits:

'Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .' Fed. R. Civ. P. 26(b)(1). This is a change in the rule that was implemented in the 2000 Amendments. Fed. R. Civ. P. 26 advisory committee's note (2000). Prior to that time, the available scope of discovery was that which was relevant to the *subject matter* of the action. *Id.* However, the amendment did not entirely eliminate discovery on the subject matter of the action. The rule also states: 'For *good cause*, the

-2-

court may order discovery of any matter relevant to the subject matter involved in the action.' Fed. R. Civ. P. 26(b)(1) (emphasis added).

*In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009).   "The [2000 Amendment to Rule 26(b)(1)] signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Advisory Committee Notes: 2000 Amendments to Rule 26. Here, no relationship to a claim or defense is apparent (especially for entire files) and "[w]here relevance is not immediately apparent, the judge and counsel should clearly identify how the evidence is relevant." 2 **Weinstein's Federal Evidence 2d** § 401.04[1], pg 401-14 (6/02).

> 'To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent.'

*Sanders v. Dalcraft, LLC*, 2009 U.S. Dist. LEXIS 41710, 2-4 (N.D. Tex. May 18, 2009)(quoting *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994)).   Generally speaking, other employment has no obvious relation to a claim or defense as to a suit involving a current employer. *See Smartix Int'l, L.L.C. v. Garrubbo, Romankow & Capese*, P.C., 2007 U.S. Dist. LEXIS 85807 (S.D.N.Y. Nov. 19, 2007) ("[Plaintiff's] personnel records with other companies are not 'relevant to the claim or defense of any party.'").   In this regard, "[n]o party has the right to conduct a general fishing expedition into the personnel records of another.  Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied. . . ." *Gov't Emples. Ins. Co. v. Prushanksy*, 2013 U.S. Dist. LEXIS 9340, 7-8 (S.D. Fla. Jan. 4, 2013) (quotations omitted).

"The fact that one can imagine these subpoenas leading to the discovery of admissible

evidence is not alone sufficient to justify their enforcement." ***EEOC v. Southern Haulers, LLC***, 2012 U.S. Dist. LEXIS 68997, *7-9 (S.D. Ala. 2012) (also quoting ***Perry v. Best Lock Corp.***); ***EEOC v. Evening Entm't Group LLC***, 2012 U.S. Dist. LEXIS 85310 (D. Ariz. June 20, 2012)("Here, although the subpoenas include a request for documents within six enumerated categories, they are 'not limited to' the categories... Instead, the subpoenas request 'any and all personnel files and other records.' . . . Defendant's blanket requests for all personnel records from three former employers are overbroad on their face and amount to a fishing expedition.").

As the subpoenas are without limits, they should be quashed for that reason alone; however, in addition to seeking irrelevant information, the request also is oppressive.

> In ***Seattle Times Company v. Rhinehart***, 467 U.S. 20, 32 (1984), when discussing the federal rules of discovery (upon which the Oklahoma state procedure is patterned), the Court stated:
>> 'Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; ***discovery also may seriously implicate privacy interests of litigants and third parties*** . . . There is an opportunity, therefore, for litigants to obtain-incidentally or purposefully--information that not only is irrelevant but if publicly released could be damaging to reputation and privacy. The government clearly has a substantial interest in preventing this sort of abuse of its processes . . . As stated by Judge Friendly in ***International Products Corp. v. Koons***, 325 F.2d 403, 407-408 (CA2 1963), 'whether or not the Rule itself authorizes [a particular protective order] . . . we have no question as to the court's jurisdiction to do this under the inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices' . . . The prevention of the abuse that can attend the coerced production of information under a State's discovery rule is sufficient justification for the authorization of protective orders.' (Emphasis supplied [by the Oklahoma Supreme Court].)

***YWCA of Oklahoma City v. Melson,*** 1997 OK 81, ¶24, 944 P.2d 304, 311 n. 41. ***Cf. Smith v. J.I. Case Corp.,*** 163 F.R.D. 229, 232 (E.D.Pa.1995) ("[S]ome have suggested that [discovery] has been used as a way to harass and intimidate plaintiffs into dropping their

lawsuits, rather than subjecting themselves to the gauntlet of pretrial probings.") and *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 353 n. 17 (1978) ("[D]iscovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery.").

It is well-recognized that invasive reviews of personnel files implicate privacy interests and may be used for oppression.

Second, the Tenth Circuit recognizes that personnel files contain private and personal information as well as irrelevant information:

> [P]ersonnel files often contain sensitive personal information, just as pharmacy files do, and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that 'the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] "a party or person from annoyance, embarrassment,[or] oppression . . . .'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(c)(1)); *see also Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994) (no abuse of discretion where 'privacy interests, coupled with [the district court's] determination to keep the trial focused . . . , justified limiting [plaintiff's discovery of] personnel files').

*Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-649 (10th Cir. 2008). " This is not to say personnel files are categorically out-of-bounds", but the discovery should be "narrowly targeted" to a claim or defense. *Id.  Cf. Munoz v. St. Mary-Corwin Hosp.,* 221 F.3d 1160 (10th Cir.2000) (affirming denial of motion to compel production of entire personnel file where the relevant portions had been produced).

While the presence of a protective order may afford some protection, even with a protective order, such intrusion is invasive and often oppressive. *Cf. Raddatz v. The Standard Register Co.,* 177 F.R.D. 466, 447-48 (D.Minn. 1997) (citations omitted, focusing on files of non-parties):

> In our considered view, the very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act– whether or not that disclosure is governed by the terms of Confidentiality Order.  The intrusiveness of the act rests in the disclosure to anyone, and the fact that the information may not be openly publicized brings little comfort to the co-employee, whose most private confidences are needlessly divulged. . .

In this case, the subpoenas are not narrowly targeted, but practically seek anything in a personnel file, and thus do not meet the test of *Regan-Touhy, supra*, that such subpoena be narrowly tailored. Such indiscriminate requests have been rejected by many courts. *See Warnke v. CVS Corp*., 265 F.R.D. 64, 69-70 (E.D.N.Y. 2010):

> [C]ourts within the Second Circuit have recognized that '[b]ecause of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort.' *Conrod v. Bank of N.Y.*, No. 97 Civ. 6347, 1998 U.S. Dist. LEXIS 11634 (S.D.N.Y. Jul. 30, 1998) (denying defendant's motion for reconsideration of sanctions for serving Rule 45 subpoena on plaintiff's current employer); *see also Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791, 2003 U.S. Dist. LEXIS 27412, *5 (S.D.N.Y. Jan. 10, 2003) (granting motion to quash because the Rule 45 subpoenas served on executive search firms with which plaintiff worked before and after her termination because such discovery 'would subject plaintiff to necessary annoyance and embarrassment within the meaning of Rule 26(c)'); *Mirkin*, 2008 U.S. Dist. LEXIS 91492, 2008 WL 4861840, at *1 (denying Plaintiff's motion to quash Rule 45 subpoena served on Plaintiff's supervisor at subsequent employer and noting that Plaintiff (i) was no longer worked at the company, and (2) Plaintiff did not claim that her former supervisor was currently engaged in a job search on her behalf).

Another comprehensive discussion of this issue is *Maxwell v. Health Ctr. of Lake City, Inc*., 2006 U.S. Dist. LEXIS 36774 (M.D. Fla. June 6, 2006) (affixed hereto). *Maxwell* explains wholesale requests for personnel files are overly broad under both the scope of discovery and as an undue invasion of the party's privacy. *Id.*, at * 7-9. Accordingly, relief is available both in the form of quashing the subpoena and in terms of granting a protective order. Id., at * 15. *Maxwell* carefully examined the many justifications offered for the subpoenas and concluded that "prior salary has [no] relevance to damages", *Id*, * 9-10[1]; "prior performance at. . . previous is not reasonably calculated to lead to admissible evidence", *Id.*, * 10-11; medical evidence is better obtained through other sources than personnel files, *Id,* * 11-12, and it is inappropriate to use such discovery to garner evidence

---

[1] *Warnke v. CVS Corp*., 265 F.R.D. 64, 70 (E.D.N.Y. 2010) ("[T]]he other employers will not be required to provide plaintiff's payroll records because compensation information can be obtained through less intrusive means, like tax records" Quoting *Abu v. Piramco Sea-Tac Inc*., No. C08-1167, 2009 U.S. Dist. LEXIS 12626, 2009 WL 279036, at *2 (W.D. Wash. Feb. 5, 2009)).

for an undeveloped after-acquired-evidence defense. *Id.*, * 13-14. The only relevant purpose found by *Maxwell*[2] was other claims of discrimination. *Id.*, *12-13. *See also Smartix Int'l, L.L.C. v. Garrubbo, Romankow & Capese*, P.C., 2007 U.S. Dist. LEXIS 85807 (S.D.N.Y. Nov. 19, 2007) ("[Plaintiff's] personnel records with other companies are not 'relevant to the claim or defense of any party.' Moreover, pursuant to Fed. R. Civ. P. Rule 26(c), I find that justice requires, in order to protect Mr. Katz from annoyance, embarrassment, and oppression, that discovery not be had into those personnel records. I hereby quash the five subpoenas.").

During the 37.1 conference held on March 17, 2015, Defendant's counsel admitted that these subpoenas were issued in an attempt to develop some "after-acquired evidence" to use in the litigation. Despite Defendant's belief that it is entitled to such information for this purpose, this Court has specifically rejected such requests:

> Defendant argues that it is nonetheless entitled to information that, while not relevant to any claims or defenses currently asserted, could be relevant in responding to claims not yet articulated by either party. The Court rejects this argument. It is well established that parties 'have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.' Fed. R. Civ. P. 26 advisory committee's note.
>
> Likewise, Defendant's defense of after-acquired evidence does not entitle Defendant to further discovery. This defense can limit recovery of wages if an employer later learns of wrongdoing that would have led to a legitimate discharge had the employer known about it. *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362 (1995). Courts generally agree that this defense 'cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed.' *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 (CFD), 2007 U.S. Dist. LEXIS 70376, 2007 WL 2786421, at *2 (D. Conn. Sept. 25, 2007); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1071-72 (9th Cir. 2004); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006). There is no indication in any of the parties' pleadings that disclosure of Plaintiff's personnel files will reveal such evidence of wrong-doing, and therefore discovery is not warranted on this basis.

---

[2] Other than possible information about medical information which, in turn, might possibly lead to emotional distress information. As stated, *Maxwell* found this justification too indirect and too burdensome to sustain the subpoena in that the information could be secured by more direct means.

*Shirazi v. Childtime Learning Ctr*., 2008 U.S. Dist. LEXIS 88686, 8-9 (W.D. Okla. Oct. 31, 2008) (Cauthron, J)

In short, an exploration of Plaintiff's past-work history has little potential to provide information relevant under Rule 26(b)'s definition of relevancy for discovery purposes, but rather, is designed to oppress and harass the Plaintiff.

The Honorable Judge Joe Heaton in this Court has agreed that only prior claims of discrimination are relevant, not entire personnel files:

> [T]he court concludes the subpoenas are unobjectionable insofar as they seek evidence of prior filings or claims of discrimination by Plaintiff. The justifications offered by defendant for the other requested categories of information are more problematic.
>
> Defendant indicates it is entitled to other prior employment information for plaintiff as it may show a pattern of tardiness or violation of "call-in" policies such as defendant relies on here as part of the basis for its employment actions as to plaintiff. While it is not beyond the realm of possibility that defendant might find a path to admissibility for such evidence if it exists, the court concludes the prospect is sufficiently remote that the present discovery request is not warranted. Fed. R. Evid. 404 generally precludes reference to prior/other acts to show character and present conduct in conformity therewith. In the circumstances of this case, it appears highly unlikely that work history with, for example, Seven Eleven, three years before commencing work with the defendant would be sufficient to show some "habit or routine" as might warrant admissibility on that basis. Fed. R. Evid. 406. It appears highly likely that defendant's own two and one half year work history with plaintiff is the only history apt to be relevant to this case. In any event, the court concludes that, even if some possibility of potential relevance exists here, it does not warrant the broad scope of discovery requested in light of the Rule 26(b)(2)(C) considerations referenced above.

*Bishop v. Veolia*, CIV-2007-01447-HE, Order (Ex 3). *See also Kathe Eastham v. Oklahoma Behavioral HealthSystem*, CIV-08-1340-HE, Order (Ex 4) (same holding and rationale).

Plaintiff agrees that wage and benefit documents are relevant to a claim of mitigation, and that other claims of discrimination made by the Plaintiff *may* be relevant. However, while this Court has the authority to modify the subpoenas,[3] in this case, it would be most

---

[3]     . . .The district court is not limited to either granting or overruling the motion to quash the subpoena. That approach

appropriate to require the Defendant to issue new subpoenas limited to these discrete matters. Otherwise, the overly broad nature of the pending subpoenas may result in the employers providing information beyond that to which Defendants are entitled.

**WHEREFORE,** such subpoenas should be quashed, and if any employer responds to the subpoenas prior to this Court's determination, such responses should be turned over to the Plaintiff's counsel unopened.

**RESPECTFULLY SUBMITTED THIS 23rd DAY OF MARCH, 2015.**

> HAMMONS, GOWENS, HURST
> & ASSOCIATES
>
> s/ Christine Coleman Vizcaino
> Mark Hammons, OBA #3784
> Christine Coleman Vizcaino, OBA #30527
> 325 Dean A. McGee Avenue
> Oklahoma City, Oklahoma 73102
> Telephone: (405) 235-6100
> Facsimile: (405) 235-6111
> *Counsel for Plaintiff*

---

would be far too rigid in many cases.  The 1949 amendment of Rule 45(b) made it clear that the court has power to modify the scope of the subpoena and thereby remove the objectionable features from it while preserving the rest of the subpoena.
9A Wright & Miller, ***Federal Practice and Procedure, Civil 2d:*** §2459, pg 52 (1995).

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service to the opposing counsel below listed on this 23rd day of March, 2015.

Kimberly Lambert Love
Stephanie Johnson Manning, OBA # 18741
Titus Hillis Reynolds Love Dickman & McCalmon
15 E. 5th Street, Suite 3700
Tulsa, OK 74103
Telephone: (918) 587-6800
Facsimile: (918) 587-6822
klove@titushillis.com
smanning@titushillis.com


s/ Christine Coleman Vizcaino