# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE SLAUGHTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-14-766-M |
| | ) |
| OKLAHOMA CITY UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is plaintiff's Motion with Authority to Quash Subpoenas, filed March 23, 2015. On April 13, 2015, defendant filed its response. On April 22, 2015, plaintiff filed her reply, and on May 29, 2015, defendant filed its surreply. Based upon the parties' submissions, the Court makes its determination.

On July 18, 2014, plaintiff filed the instant action, alleging discrimination in violation of the Americans with Disabilities Act and the Oklahoma Anti-Discrimination Act. Plaintiff seeks damages for past and future lost wages and emotional distress. Defendant has answered and has alleged the after-acquired evidence doctrine as an affirmative defense. On February 4, 2015, defendant deposed plaintiff. Defendant asserts that during plaintiff's deposition, defendant elicited testimony from plaintiff that indicated that plaintiff was untruthful on her employment application in relation to her prior employment with American Fidelity Assurance ("AFA").

On March 9, 2015, defendant issued subpoenas duces tecum to two of plaintiff's previous employers, AFA and Sonic Industries Services, Inc. ("Sonic").[1] The subpoenas request the production of the following materials:

---

[1] Plaintiff's employment with AFA ended in October 2012, and plaintiff's employment with Sonic ended in September 2011.

> Records regarding DALE SLAUGHTER . . . including, but not limited to: employment applications, performance evaluations, payroll records, benefit documentation, attendance records, documentation of coaching, counseling and/or write-ups, and documents relating to her termination/resignation.

Subpoenas Duces Tecum to Non-Party, attached as Exhibit 2 to Plaintiff's Motion with Authority to Quash Subpoenas. Plaintiff now moves this Court to quash these subpoenas as to all requests other than for past wage information.[2]

Plaintiff asserts that the subpoenas are not narrowly tailored, practically seek anything in a personnel file, and should be quashed on this basis. Plaintiff also asserts that the subpoenas should be quashed because they seek irrelevant information and are oppressive. Specifically, plaintiff contends that an exploration of plaintiff's past work history has little potential to provide information relevant under Federal Rule of Civil Procedure 26(b)'s definition of relevancy for discovery purposes and is designed to oppress and harass plaintiff.

Defendant asserts that the documents sought through the subpoenas are relevant to defendant's after-acquired evidence defense[3], to plaintiff's emotional distress claim, and to plaintiff's credibility. Defendant also asserts that the subpoenas are not overbroad because they ask the employers to produce discrete categories of documents.

Rule 26(b)(1) provides, in pertinent part:

---

[2] In her motion, plaintiff agrees that wage and benefit documents are relevant to a claim of mitigation.

[3] In her reply, plaintiff contends that defendant is foreclosed from asserting an after-acquired evidence defense, arguing the merits of defendant's affirmative defense. The Court finds that it would be inappropriate to rule on the merits of defendant's after-acquired evidence defense in the context of this motion to quash; the more appropriate context would be through a motion for summary judgment.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's performance evaluations, documentation of coaching, counseling, and/or write-ups, and documents relating to her termination/resignation from her employment with AFA is relevant and discoverable. Specifically, the Court finds that these documents are directly relevant to defendant's after-acquired evidence defense.[4] The Court, however, finds that documents, other than plaintiff's payroll records and benefit documentation, from Sonic are not relevant, as defendant has not shown any connection between plaintiff's employment with Sonic and defendant's after-acquired evidence defense. Additionally, the Court finds that the subpoenas, if limited to plaintiff's payroll records, benefit documentation, performance evaluations, documentation of coaching, counseling, and/or write-ups, and documents relating to her termination/resignation from her employment, would not be overly broad or oppressive.

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion with Authority to Quash Subpoenas [docket no. 22] as follows:

---

[4]Regarding defendant's assertion that plaintiff's personnel records are relevant to plaintiff's claim for emotional distress, the Court finds that such emotional distress evidence would be better obtained through sources other than plaintiff's personnel files, such as plaintiff's medical records.

(1) The Court GRANTS IN PART and DENIES IN PART the motion to quash as to the subpoena duces tecum issued to Sonic and LIMITS the subpoena to the production of the following documents: plaintiff's payroll records and benefit documentation, and

(2) The Court GRANTS IN PART and DENIES IN PART the motion to quash as to the subpoena duces tecum issued to AFA and LIMITS the subpoena to the production of the following documents: plaintiff's payroll records, benefit documentation, performance evaluations, documentation of coaching, counseling, and/or write-ups, and documents relating to plaintiff's termination/resignation from her employment.

**IT IS SO ORDERED this 22nd day of June, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE